# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:09cv316

| | | |
|---|---|---|
| **ROGER DALE FRADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court pursuant to 28, United States Code, Section 636(b), pursuant a specific Order of referral of the district court, and upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

### I.     Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits as well as an application for Supplemental Security Income benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to

plaintiff, from which plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, plaintiff timely filed this action.

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

    a.    An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

    b.    An individual who does not have a "severe impairment" will not be found to be disabled;

    c.    If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.     If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.     If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the Fourth Step of the sequential evaluation process.

## C.     The Administrative Decision

Plaintiff protectively filed an application for a period of disability and disability insurance benefits (hereinafter "DIB") on April 12, 2005. Tr., at 56-58. He protectively filed an application for Supplemental Security Income (hereinafter "SSI") on April 15, 2005. Tr., at 246-49. Plaintiff alleged onset of disability as January 2, 2001, due to "degenerative disk arthritis of spine bursitis," high blood pressure, and reflux. Tr., at 56, 246, 111-112. Plaintiff's applications for DIB and SSI were denied initially and upon reconsideration. Tr., at 43-49, 51-53, 250-261. Plaintiff then requested an administrative hearing, Tr., at 54. An administrative law judge (hereinafter "ALJ") held a hearing on May 5, 2008, at which plaintiff, who was

represented by counsel, and a vocational expert ("VE") appeared and testified. Tr., at 263-87. At the hearing plaintiff amended his alleged onset date to April 16, 2003. Tr., at 266.

The ALJ issued his decision on September 30, 2008, finding that plaintiff was not disabled from his alleged onset date through the date of his decision. Tr., at 22-35. On June 11, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. Tr., at 5-7.

At Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity during the relevant period. Tr., at 27.

At Step Two, the ALJ found that plaintiff had severe impairments of back pain, shoulder pain, knee pain, cervical area pain, and a hearing loss. Tr., at 27.

At Step Three, the ALJ found that plaintiff did not have an impairment or combination of impairments listed in or medically equal to any impairment listed in Appendix 1, Subpart P of Regulation No. 4. Tr., at 28.

Prior to reaching the Fourth Step, the ALJ assessed plaintiff's residual functional capacity (hereinafter "RFC") to determine whether he could perform any of his past relevant work or other work existing in significant numbers in the national economy. The ALJ found that during the relevant period at issue, plaintiff retained

the RFC to sit, stand and walk for six hours in an eight hour workday, lift and carry fifty pounds occasionally and twenty five pounds frequently, with an ability to climb, balance, stoop, kneel, crouch, crawl and lift overhead on a frequent basis. Tr., at 28. The ALJ also found that plaintiff was not, however, able to work at a job involving constant exposure to loud background noise. Tr., at 28.

At Step Four, the ALJ found that plaintiff was able to return to his past relevant work as a car jockey and as a security guard. Tr., at 34. The Commissioner concedes error inasmuch as plaintiff did not have past relevant work as a car jockey, and relies, instead, on the ALJ's finding that plaintiff had the RFC to perform his past relevant work as a security guard.

### D.    Discussion

#### 1.    Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error:

I.    ALJ Wilson failed to apply the law of the Circuit, to the prejudice of the plaintiff, in evaluating the effect on the Plaintiff of disabling pain.

II.    The ALJ's analysis of the Plaintiff's pain failed to follow this Circuit's repeated admonitions to the Commissioner of Social Security as to how to evaluate disabling pain.

III.    ALJ Wilson erred to the prejudice of the Claimant, in ignoring the nonexertional impairment, depression, which the medical records indicate has existed for the Plaintiff for his entire lifetime.

IV.     ALJ Wilson ignored the findings of Dr. Jason Jackson, the chiropractor who treated the Plaintiff.

While the undersigned typically structures review around the plaintiff's assignments of error, the duplication in plaintiff's first two assignments of error frustrate logical review of whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra. Instead, the court will structure review on the issues framed by the Commissioner, which allow the court to address each concern raised by plaintiff in the context of a substantial evidence review. The issues, as presented by the Commissioner, are:

I.      Whether the ALJ erred in evaluating plaintiff's subjective complaints of disabling pain.

II.     Whether substantial evidence supports the ALJ's finding that plaintiff did not suffer from a severe impairment of depression.

III.    Whether the ALJ accorded proper weight to the opinions of plaintiff's treating chiropractors.

IV.     Whether substantial evidence supports the ALJ's finding that plaintiff was not disabled because he retained the residual functional capacity to perform his past relevant work.

These issues will be discussed *seriatim*.

## 2.     First Issue

In the First Issue, plaintiff contends that the ALJ erred in evaluating plaintiff's subjective complaints of disabling pain. Plaintiff's claim for benefits includes

allegations of pain or other subjective complaints. The correct standard and method for evaluating claims of pain and other subjective symptoms in the Fourth Circuit has developed from the Court of Appeals' decision in <u>Hyatt v. Sullivan</u>, 899 F.2d 329 (4th Cir. 1990)(<u>Hyatt III</u>), which held that " [b]ecause pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." <u>Id</u>., at 336. A two-step process for evaluating subjective complaint was developed by the Court of Appeals for the Fourth Circuit in <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). This two-step process for evaluating subjective complaints corresponds with the Commissioners relevant rulings and regulations. <u>See</u> 20 C.F.R § 404.1529; SSR 96-7p.[1]

Step One requires an administrative law judge (hereinafter "ALJ") to determine whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." <u>Craig</u>, 76 F.3d at 594.

---

[1] "The purpose of this Ruling is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." S.S.R. 96-7p (statement of purpose).

Step Two requires that the ALJ next evaluate the alleged symptoms' intensity and persistence along with the extent to they limit the claimant's ability to engage in work. Id., at 594; see also 20 C.F.R. § 404. 1529(c); SSR 96-7p. The ALJ must consider the following: (1) a claimant's testimony and other statements concerning pain or other subjective complaints; (2) claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment. Craig, 76 F.3d at 595; 20 C.F.R. § 404. 1529(c); SSR 96-7p. The term "other relevant evidence" includes: a claimant's activities of daily living; the location, duration, frequency and intensity of their pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medications taken to alleviate their pain and other symptoms; treatment, other than medication, received; and any other measures used to relieve their alleged pain and other symptoms. Id.

Review of the ALJ's decision reveals that he not only recognized the current standard, he applied it appropriately in this particular case. Tr., at 29-33. The ALJ determined that plaintiff's back pain, cervical pain, shoulder pain, and knee pain were severe impairments, but they were not disabling. The ALJ employed the two-step process under Craig, Tr., at 29, 31, and first found that plaintiff's medically determinable impairments could reasonably produce some of his alleged symptoms.

Tr., at 31. The ALJ then evaluated the intensity, persistence, and limiting effects of plaintiff's symptoms in accordance with the factors enumerated in 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii), and found his allegations of disabling symptoms to be lacking in credibility. Tr., at 31. The ALJ found that plaintiff's allegations of disabling pain were not consistent with his daily activities. Tr., at 30.

Substantial evidence supports the ALJ's credibility finding. Plaintiff alleged in his disability application that he suffered from pain in his back, neck, shoulders, hands, left leg, and left knee, Tr., at 128, and also claimed that he experienced difficulty standing, sitting, and walking. Tr., at 111. Plaintiff testified at the hearing that he cooked and sometimes swept and wiped his kitchen, Tr., at 280-81,that he could fold clothes when sitting, Tr., at 280, that he went to the grocery store often, went to church occasionally, and sometimes drove for about 35 to 40 minutes. Tr. 269-272, 275, 281-282. He also stated that he "haul[ed] around a bunch of drunks" in exchange for non-monetary items and testified that he helped a friend load and haul scrap metal. Tr., at 268-69. Similarly, plaintiff stated in his Disability Report that his pain affected his concentration and memory , Tr., at 128, but he also testified that he attended school from 2001 to 2005 on a Pell grant. Tr., at 268. Such consideration of daily activities is precisely the type of evaluation required under current case law. In considering an almost identical method of evaluating pain in Mickles v. Shalala,

29 F.3d 918 (4th Cir. 1994), Honorable K. K. Hall, Circuit Judge, in announcing and concurring in the judgment of the Court of Appeals for the Fourth Circuit, held:

> This refreshing mode of analysis is precisely what I believe our cases have been striving for. The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life.

Id., at 927. In accordance with Mickles, the ALJ properly discredited plaintiff's subjective complaints of pain. Substantial evidence supports the ALJ's determinations.

The ALJ also considered the location, duration, frequency, and intensity of plaintiff's pain, as well as factors that precipitated his symptoms, and reasonably found that plaintiff's back, neck, shoulder, and knee pain did not rise to the level of a disabling impairment. Tr., at 30. Such determination is supported by substantial evidence including the report of an independent consulting examining physician, Dr. Dubiel, Tr., at 165-73, records from plaintiff's own physician, Dr. Ward, Tr., at 198-207, and an orthopedic physician Dr. Jones. Tr., at 149-50. Such determination is further supported by the list of medications that plaintiff was taking for what he alleged was disabling pain, which the ALJ both considered and discussed in reaching his decision. Tr., at 30-31. Plaintiff's treating physicians never reported that his medications were ineffective at relieving his pain, and the ALJ properly considered the treatment notes and plaintiff's prescribed medications of record, and reasonably inferred from this that his allegations of pain were not disabling. Tr., at 30-31.

Shively v. Heckler, 739 F.2d 987, 989-990 (4th Cir. 1984). The nature of a claimant's symptoms, the effectiveness of any medication he is taking, and his daily activities are all relevant factors when considering subjective symptoms such as pain. 20 C.F.R. §§ 404.1529(c)(3)(i) and 416.929(c)(3)(i).

Finally, plaintiff also argues that the ALJ committed reversible error by failing to take into account his age in determining his credibility. Plaintiff's Brief, at 6. Age is not among the factors considered in evaluating pain. See 20 C.F.R. §§ 404.1529, 416.929. "Age" is a *vocational* factor that is only considered at step five of the sequential evaluation process. 20 C.F.R. §§ 404.1563, 416.963. Because this application was decided at the Fourth Step of the sequential evaluation process with a finding that plaintiff could return to his past work, the ALJ never reached step five and the vocational factor of age. Tr., at 34.

The undersigned finds no merit to plaintiff's assignment of error concerning the ALJ's consideration of pain and other subjective symptoms. The ALJ's decision, which follows current law as outlined in Craig, is supported by substantial evidence of record.

### 3. Second Issue

Based on plaintiff's assignments of error, the second issue is whether substantial evidence supports the ALJ's finding that plaintiff did not suffer from a

severe impairment of depression. Plaintiff contends that the ALJ "ignor[ed] the nonexertional impairment, depression, which the medical records indicate has existed for the Plaintiff for his entire lifetime." Plaintiff's Brief, at 6. Severity of an impairment is a threshold determination:

> An impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work irrespective of age, education, or work experience.

Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984)(citations omitted). Plaintiff contends that the ALJ erred by finding his depression not to be severe without first obtaining confirmation via examination by a psychiatrist or clinical psychologist. Plaintiff's Brief, at 6.

There simply is no requirement that the ALJ obtain "confirmation" as to any severity determination. Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996)(ALJ was not required to order a consultative exam where plaintiff never sought medical treatment for non-exertional impairments and did not mention such impairments in his original request for benefits or at his hearing); Hawkins v. Chater, 113 F.3d 1162, 1164-1165 (10th Cir. 1997)(ALJ was not required to order a psychological examination where the record contained mere references in some of the treatment notes of depression, and no objective medical findings verifying plaintiff's depression). Rather, through the Fourth Step of the sequential evaluation process, the burden rests with the claimant

to prove that he is disabled.  <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995)(the burden of proof and production rests on the claimant during the first four steps of the disability sequential evaluation process).  In this case, the record shows that plaintiff was assisted by counsel at the hearing.

Review of the record indicates that the ALJ's determination that plaintiff's depression was not severe is supported by substantial evidence.  Foremost, the ALJ properly noted that there is no evidence in the record that plaintiff visited a mental health center for what he now claims to be disabling  depression, Tr., at 28, he was never diagnosed with depression by any treating or examining sources, and no source opined that he was limited in his ability to sustain concentration at the level required for unskilled or semi-skilled work.  <u>See</u> Tr., at 144-146, 149-163, 174, 198-207, 210-241.  Indeed, notes from treating as well as consultative sources are antithetical to a finding of depression.  In the notes the plaintiff was described as:  "alert," Tr., at 203; "cooperative," Tr., at 216; and even where plaintiff claimed to a physician a history of depression, the reviewing physician reported that he "does not appear depressed today and is actually quite conversant."  Tr., at 172.  Thus, substantial evidence supports the ALJ's determination that plaintiff's depression was not severe.

## 4.    Third Issue

Based on plaintiff's arguments concerning the weight given chiropractic evidence, the Third Issue is whether the ALJ accorded proper weight to the opinions of plaintiff's treating chiropractors. The only records from chiropractors include a letter from Dr. Jason Jackson, D.C., of the Huskey Chiropractic Center, Tr., at 154, and treatment notes from Coplinger Chiropractic dating from September 29, 2000 through October 15, 2004. Tr., at 155-64.

A chiropractor is not an acceptable medical source, 20 C.F.R. §§ 404.1502, 416.902, 404.1513(a), 416.913(a), and it cannot be error for the ALJ to give such an opinion little or even no consideration. Under 20 C.F.R. § 404.1513(d), a plaintiff is, however, permitted to submit evidence from "other sources":

> In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to--
> (1)   Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists);
> (2)   Educational personnel (for example, school teachers, counselors, early intervention team members, developmental center workers, and daycare center workers);
> (3)   Public and private social welfare agency personnel; and
> (4)   Other non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy).

Id.

In <u>Morgan v. Barnhart</u>, 2005 WL 1870019 (4th Cir. 2005),[2] the Court of Appeals for the Fourth Circuit addressed what consideration an ALJ must give to corroborative lay opinions submitted in accordance with Part 404.1513(d).  There, the appellate court, while not reaching the issue (making such *dicta*), agreed that an ALJ could not simply discredit such lay evidence based on inherent familial bias; instead, the appellate court found that the ALJ, implicitly and properly, discredited such lay opinions as not consistent with the medical record and the functional capacity evaluation.  <u>Id.</u>, at **7.

More to the point of evidence provided by not acceptable medical sources, an ALJ is to weigh the opinions from sources who are not acceptable medical sources in accordance with the following factors: (1) how long the source has known and how frequently the source has seen the individual; (2) how consistent the opinion is with other evidence; (3) the degree to which the source presents relevant evidence to support an opinion; (4) how well the source  explains the opinion; (5) whether the source has a speciality or area of expertise related to the individual's impairment(s); and (6) any other factors that tend to support or refute the opinion.  SSR 06-3p. <u>See</u> <u>Pittman v. Massanari</u> 141 F.Supp.2d 601, *608 (W.D.N.C. 2001)(Horn, C.M.J.)

---

[2]        Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

In this case, the ALJ properly evaluated such opinions and notes. Tr., at 33. Noting that a chiropractor is not an acceptable source, the ALJ stated he could not give Dr. Jackson's opinion controlling weight. Tr., at 33. Nevertheless, the ALJ considered such opinion and discredited Dr. Jackson's conclusions finding:

> There are no treatment records, x-rays or other objective evidence from Dr. Jackson to support or explain his findings, merely a regurgitation of the claimant's subjective complaints. There are also some records from Coplinger Chiropractic Clinic, but they are merely enumeration of treatment dates and do not contain objective evidence of the claimant's impairment. Accordingly, I assign very little weight to these chiropractic records . . . .

Tr., at 33 (internal citation to exhibits omitted).

The record evidence indicates that Dr. Jackson only saw plaintiff twice and his opinion that plaintiff suffers from chronic problems is based on only one physical exam and x-ray. Tr., at 154. Further, objective medical evidence from acceptable sources is contradictory to Dr. Jackson's opinions. Tr., at 150, 170, 174, 208, 231, 234. The notes from the Coplinger Chiropractic Clinic fair no better, as they provide no evidence that plaintiff's impairments imposed any functional limitations. Tr., at 155-62. The ALJ's consideration of such chiropractic evidence conforms to the methodology suggested by the Court of Appeals for the Fourth Circuit in Morgan as well as S.S.R. 06-3p, and is in turn supported by substantial evidence of record.

### 5.    Fourth Issue

Plaintiff makes no explicit argument that the ALJ erred in determining that plaintiff had the RFC to return to his past work. Because such determination is the final decision of the Commissioner subject to review for substantial evidence, the Commissioner has raised the issue *sua sponte*, and asks whether substantial evidence supports the ALJ's finding that plaintiff was not disabled because he retained the residual functional capacity to perform his past relevant work.

The ALJ determined that plaintiff was not disabled because he retained the RFC to perform his past relevant work. The ALJ found that plaintiff retained the RFC to sit, stand and walk for six hours, lift and carry fifty pounds occasionally, and twenty five pounds frequently, with an ability to climb, balance, stoop, kneel, crouch, crawl, and lift overhead on a frequent basis, but with no constant exposure to loud background noise. Tr., at 28. The objective medical evidence, as well as the reports from the examining and state agency physicians, provides substantial evidence supporting the ALJ's RFC finding. See Tr., at 150, 170, 171, 174, 230-32, 234.

Substantial evidence also supports the ALJ's finding that plaintiff's RFC permitted him to perform his past relevant work as a security guard. Tr., at 34. Based on the hypothetical presented, the VE testified that an individual with plaintiff's limitations could perform the occupation of security guard, which was classified by the U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. 1991) as light and

semi-skilled. Tr., at 284-85. Hypothetical questions posed by an ALJ to a vocational expert must fully describe a plaintiff's impairments and accurately set forth the extent and duration of the claimant's pain, if any. Cornett v. Califano, 590 F.2d 91 (4th Cir. 1978). Where the ALJ properly formulates his hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion of the vocational expert great weight. Shively v. Heckler, 739 F.2d 984 (4th Cir. 1984). Because plaintiff's conditions and limitations were accurately portrayed to the vocational expert, the ALJ did not fail to consider all the evidence, and his reliance on the opinion of the vocational expert that jobs were available to a person with plaintiff's limitations was proper. The ALJ's hypothetical incorporated all of plaintiff's limitations as the ALJ reasonably found in the record.

Plaintiff does, however, argue that the ALJ erred in failing to include plaintiff's age in his hypothetical to the VE. Plaintiff's Brief, at 3. However, the ALJ's hypothetical did incorporate plaintiff's age. The ALJ asked the VE: "assume you're dealing with a hypothetical individual the same age as the claimant...." Tr., at 285. Earlier in the hearing, at which the VE was present, plaintiff testified to being age 62. Tr., at 267. As discussed briefly above, age (as a vocational factor) does not come into play except at the Fifth Step of the sequential evaluation process and this matter was decided at the Fourth Step. See 20 C.F.R. §§ 404.1529, 416.929.

Plaintiff also takes exception to the ALJ not including in the hypothetical ultimately relied on a limitation based on plaintiff being absent from work one-day a week. Plaintiff's Brief, at 3. While the VE testified that if plaintiff were to be absent from work at least once a week he would be unemployable, Tr., at 286, the record does not support a finding (and, in turn, supports the ALJ's decision not to include any such limitation into the hypothetical he relied on) that plaintiff's impairments would cause him to miss work this frequently. Although plaintiff testified that he could not work a forty-hour work week because there were days where he "can't do anything," Tr., at 272, the objective medical evidence, notes from plaintiff's treating physicians, and the findings of the examining and nonexamining state agency physician, do not indicate that plaintiff experienced such functional limitations. It is plaintiff's burden to demonstrate that he is unable to perform past relevant work, <u>Bowen</u>, 482 U.S. at 146-47 n. 5, and his opinion that he cannot do his past work, which is contraindicated by other evidence of record, is not sufficient to satisfy such burden.

Substantial evidence supports the ALJ's finding that plaintiff could perform his past relevant work.

**E.      Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, the undersigned must recommend to the district court that plaintiff's Motion for Summary Judgment be denied, the Commissioner's Motion for Summary Judgment be granted, and that the decision of the Commissioner be affirmed.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1)     the decision of the Commissioner, denying the relief sought by plaintiff, be **AFFIRMED**;

(2)     the plaintiff's Motion for Summary Judgment (#8) be **DENIED**;

(3)     the Commissioner's Motion for Summary Judgment (#10) be **GRANTED**; and

(4)     this action be **DISMISSED**.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: September 8, 2010

Dennis L. Howell
United States Magistrate Judge